# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**LEE J MONLEZUN JR ET AL**   **CASE NO.  2:22-CV-05746**

**VERSUS**   **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**   **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiffs' Coverage B Claim" (Doc. 25) wherein Defendant State Farm Fire & Casualty Company ("State Farm") moves to dismiss Plaintiffs' contents claim.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Plaintiffs filed the instant lawsuit alleging that both Hurricanes damaged their property, including their personal property.[1]

Plaintiffs allege that State Farm failed to pay the amounts owed to them under the insurance policy issued.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---

[1] Doc. 1-2.

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

State Farm argues that Plaintiffs' content claim for personal property as to Coverage B claims should be dismissed because Plaintiffs did not submit any proof of loss. State Farm also notes that both Dr. and Mrs. Monlezun testified that they did not submit a claim for personal property,[2] and/or they did not submit a contents list for any allegedly damaged personal property.[3] Specifically, Dr. Monlezun testified as follows:

Q.     Are there any contents that are damaged that you intend to submit to State Farm for consideration or reimbursement?

A.     No. Sir. . . .[4]

Mrs. Monlezun testified as follows:

Q.     ... Other than the five or six pairs of shoes you mentioned that you believe were damaged and you threw out, any other interior personal property that was damaged by water or water intrusion that you've had to either repair or replace?

A.     Not really.[5]

In response, counsel for Plaintiff contends that because State Farm conducted inspections of the home and had every opportunity to view the damaged contents, to dismiss Plaintiffs' contents claim would deprive Plaintiffs of an opportunity to present this factual issue to a jury. Plaintiff also remarks that Dr. and Mrs. Monlezun's admissions in

---

[2] Mrs. Monlezun testified that other than six pairs of shoes, she was not aware of any loss of personal property. Defendant's exhibit A, Anne G. Monlezun deposition, p. 90.
[3] *Id.*, p. 62, Defendant's exhibit B, Lee J. Monlezun, Jr. deposition, p. 73.
[4] *Id.* p. 74.
[5] Defendant's exhibit A, Monlezun depo. p.

their deposition testimony is ambiguous. Plaintiff relies on Mrs. Monlezun's testimony in which she testified that there was damage to some of her shoes, Mardi Gras costumes, and a piece of fine art.

While proof of loss is not required to be in any formal style, a "satisfactory proof of loss" is proof of the insured's loss sufficient to "fully apprise the insurer of the insured's claims." *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd.*, 554 So.2d 1347, 1353 (La. App. 1 Cir. 1989); See also *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1089 (La. 1985); *Williams v. Am. Strategic Ins. Corp.*, 2014 WL 1252918, at *4 (E.D. La. March 26, 2014) (granting summary judgment on contents claim where, even though insurer's adjuster prepared a contents list, the insured never submitted any proof of loss to insurer)' *Wells v. Fidelity Nat. Prop. Ins. Co.*, 2008 WL 2781539 (E.D. La. July 14, 2008).

Here, it is undisputed that no satisfactory proof of loss was provided to State Farm. As such, there is no genuine issue of material fact for trial.

## **<u>CONCLUSION</u>**

For the reasons explained herein, the Court will grant State Farm's Motion for Partial Summary Judgment on Plaintiffs' Coverage B Claim (Doc. 25) and dismiss this claim with prejudice.

**THUS DONE AND SIGNED** in Chambers on 29th day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**