# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**LEE J MONLEZUN JR ET AL**                **CASE NO.  2:22-CV-05746**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**          **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Plaintiffs' Coverage C Claim" (Doc. 26) wherein Defendant, State Farm Fire & Casualty Company ("State Farm") moves to dismiss Plaintiffs' claims for additional living expenses ("ALE") incurred during an evacuation or incurred due to the insure property being rendered uninhabitable.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Plaintiffs filed the instant lawsuit alleging that both Hurricanes damaged their property, including their personal property.[1]

Plaintiffs allege that State Farm failed to pay the amounts owed to them under the insurance policy.

---

[1] Doc. 1-2.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## <u>LAW AND ANALYSIS</u>

State Farm moves to dismiss Plaintiffs' ALE claims because Plaintiffs failed to submit documentation relating to expenses incurred during their evacuation. Plaintiffs through counsel, argue that State Farm has not shown that Plaintiffs failed to cooperate and that because Plaintiffs were pursuing other claims they had with State Farm, they were unable to submit said documentation. Plaintiffs also argue that there is an ambiguity in Dr. Monlezun's testimony because he testified that they lived in the home that was "habitable." Plaintiff contends that despite Mr. and Mrs. Monlezun choosing to live in the home when repairs were being made, Dr. Monlezun's testimony that "we spent the money we were initially given and I kept on going until the home was livable and we didn't have to pack in and pack out. Or pack out and pack back in"[2] somehow creates a genuine issue of material fact for trial as to whether Plaintiffs have an ALE claim. Unfortunately, it does not. The State Farm Policy provides the following concerning ALE expenses:

> **Additional Living Expense.** When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, ***we*** will pay reasonable and necessary increase in costs incurred by an ***insured*** to maintain their normal standard of living for up to 24 months. ***Our*** payment is limited to incurred costs for the shortest of:
>
> a.    the time required to repair or replace the premises;
>
> b.    the time required for yo8ur household to settle elsewhere; or

---

[2] Plaintiff's exhibit A, Lee J. Monlezun deposition, p. 27:10-29:3.

c.      24 months.

This period of time is not limited by the expiration of this policy.

**We** will not pay more than the limited of liability shown int eh **Declarations** for **Coverage C – Loss of Use.** Any normal expenses that are reduced or discontinued due to a **loss insured** will be subtracted from any amount owed.[3]

The Policy also contained the Insured's duties as follows:

2.      **Your Duties After Loss.** After a loss to which this insurance may apply, **you** must cooperate with **us** in the investigation of the claim and also see that the following duties are performed;

a.      give immediate notice to **us** or **our** agent [...];

d.      as often as **we** reasonably required:

[...]

(2) provide **us** with any requested records and documents and allow us to make copies:

e.      submit to **us,** within 60 days after the loss, **your** signed, sworn proof of loss that sets forth, to the best of **your** knowledge and belief:
(1)      the time and cause of loss;

[...]

(6)      receipts for additional living expense incurred and records supporting the fair rental value loss [...].[4]

---

[3] Defendant's exhibit C, p. 19 (p. 8 of Policy).
[4] *Id.* p. 31, (p. 20 of Policy).

Dr. Monlezun and Mrs. Monlezun both testified that their home was habitable, and that they lived in home when they returned to Lake Charles and while repairs were being made.[5]

As noted by State Farm, it has received no receipts in connection with their evacuation expenses and/or additional living expenses. Furthermore, Plaintiffs testified that when they returned from their evacuation, they stayed at Dr. Monlezun's mother's home in Lake Arthur and then returned to their home in Lake Charles during the time the repairs were being made. Finally, Dr. Monlezun testified that they chose to live in the home while repairs were being made because it was livable.[6] Likewise, Mrs. Monlezun testified that the house was livable.[7] "[B]y definition, to be un-inhabitable (or unfit to live in), the home would have to have been unable to be lived in by the plaintiffs." *Williams v. Auto Club Family Ins.*, 2007 WL 2436680, at *3 (E.D. La. Aug. 22, 2007).

Louisiana courts require the insured to comply with his or her duties under an insurance policy. The Louisiana Fourth Circuit has explained:

> Courts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery. Hence, the failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to a suit on the policy . . . . This is so whether the failure to cooperate is manifested by a refusal to submit to an examination under oath ... or a refusal to produce documents.

*Lee v. United Fire & Cas. Co.*, 607 So.2d 685, 688 (La. App. 4 Cir. 1992).

---

[5] *Id.* p. 28; Plaintiff's exhibit A, Lee Monlezun deposition, p. 61.
[6] Defendant's exhibit A, Lee Monlezun deposition, p. 39.
[7] Defendant's exhibit B, Anne Monlezun deposition, p. 60-61.

Plaintiffs have not submitted any summary judgment evidence to establish that they presented State Farm with documentation or receipts to support their ALE claim. Because it is undisputed that Plaintiffs have not submitted documentation/receipts to support a claim for ALE expenses, there is no genuine issue of material fact for trial, and Plaintiffs cannot recover any expenses for Coverage C.

<u>**CONCLUSION**</u>

For the reasons explained herein, the Court will grant the Motion for Partial Summary Judgment on Plaintiffs' Coverage C Claim (Doc. 26) and dismiss this claim with prejudice.

**THUS DONE AND SIGNED** in Chambers on 29th day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**