UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LEE J MONLEZUN JR ET AL** | **CASE NO. 2:22-CV-05746** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment on Hurricane Delta Claim" (Doc. 27) wherein Defendant State Farm Fire & Casualty Company ("State Farm") moves to dismiss Plaintiffs Hurricane Delta claim.

### FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Plaintiffs filed the instant lawsuit alleging that both Hurricanes damaged their property, including their personal property.[1]

Plaintiffs allege that State Farm failed to pay the amounts owed to them under the insurance policy issued.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

---
[1] Doc. 1-2.

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

State Farm moves to dismiss Plaintiffs' Hurricane Delta claim. State Farm contends that Plaintiffs both testified that Hurricane Delta did not cause any additional damage. Dr. Monlezun testified in his deposition as follows:

Q. Okay. Was there any additional damage caused to your home as a result of Hurricane Delta?

A. I don't recall a specific entity except Laura. We went to New Orleans, Like Ms. Anne said, for Hurricane Laura. We stayed home for Delta because it was just coming in a different way and a different type of hurricane. We mopped water because of the leaks of the windows that we didn't realize were so bad. Ultimately with the repairs, all those windows were all repaired and taken out and replaced. So I just remember mopping water for at least five and a half to six hours with a squeegee but also a water vac just to stay ahead of the storm and the water.[2]

Mrs. Anne Monlezun also testified as follows:

Q. Yeah. What about since Hurricane Laura? I know you-all had Hurricane Delta come through in October of 2020. Do you know, Ms. Monlezun, whether or not your home suffered any additional damage as a result of Hurricane Delta?

---

[2] Defendant's exhibit A, Lee Monlezun deposition, p. 45:2-15.

> A. That I'm unsure. But I know we stayed for Delta. And from the beginning of that storm, you know, the windows were leaking and, you know, water coming through them. Because Lee J and I mopped for hours trying to keep the water back.[3]

Mrs. Monlezun also testified that water came into the house through the windows, doors, and ceiling during Hurricane Delta, but as to any actual damage, she testified as follows:

> Q. So was it your appreciation then, Ms. Monlezun, that you-all suffered additional damage to the interior of your home as a result of Hurricane Delta?
>
> A. That I don't know. I don't think so because we mopped form the minute that it started until it let up. Because I didn't want it to ruin everything I owned. . . .[4]

Plaintiffs argue that this testimony unequivocally establishes that additional water entered Plaintiffs' home during Hurricane Delta, that thus their efforts to mitigate the damage does not foreclose the possibility that damage occurred. Plaintiffs further attempt to argue that their alleged "admissions," that they did not suffer additional damage by Hurricane Delta are ambiguous. Plaintiffs contend that the extent of damage caused by each Hurricane is a disputed fact that cannot be resolved on summary judgment. Actually, it can, if there is no summary judgment evidence to rebut Defendant's evidence.

---

[3] Defendant's exhibit B, p. 32:21 – 33:5.
[4] Plaintiff's exhibit B, Anne Monlezun deposition, p. 35:4-12.

Here, Plaintiff have not presented any summary judgment evidence to delineate between Hurricane Laura damage and Hurricane Delta damage, or to even establish that there was additional damage caused by Hurricane Delta. Plaintiffs have not submitted any evidence that they submitted a claim to State Farm for damages caused by Hurricane Delta, nor have they submitted any evidence that the water intrusion discussed above caused any additional damage.

## **CONCLUSION**

For the reasons explained herein, the Court will grant State Farm's Motion for Partial Summary Judgment on Hurricane Delta Claim (Doc. 27) and dismiss this claim with prejudice.

**THUS DONE AND SIGNED** in Chambers on 29th day of October, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**